NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT KUBICEK ARCHITECTS & ASSOCIATES INCORPORATED, an Arizona corporation,

Plaintiff - Appellant,

v.

BRUCE C. BOSLEY; JOANNE M. BOSLEY; BOSLEY GROUP INCORPORATED, an Arizona corporation,

Defendants - Appellees.

No. 14-15792

D.C. No. 2:11-cv-02112-FB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Frederic Block, Senior District Judge, Presiding

Submitted December 9, 2015**
San Francisco, California

Before:     **KOZINSKI**, **BYBEE** and **CHRISTEN**, Circuit Judges.

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   ** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

**1.** Witnesses testified that Bashas' designed the initial floor and fixture plans for each store and that Bashas' exercised substantial control over the plans throughout the design process. That testimony allowed the jury to infer that any similarities between Bosley's allegedly infringing plans and the plans of Robert Kubiceck Architects & Associates, Inc. ("RKAA") resulted from the fact that the two companies shared a client that provided them with similar source material. See Costa v. Desert Palace, Inc., 299 F.3d 838, 859 (9th Cir. 2002) (en banc) (explaining that "we must draw all inferences in favor of" the prevailing party). The jury thus reasonably could have concluded that Defendants didn't copy any original elements of RKAA's plans. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Accordingly, RKAA wasn't entitled to judgment as a matter of law. Nor did the district court abuse its discretion in denying RKAA's motion for a new trial. See DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218 (9th Cir. 2010).

**2.** Although RKAA obtained a pretrial order prohibiting mention of prior litigation between RKAA and Defendants, one of RKAA's witnesses, Kubicek, nonetheless referred to a prior copyright infringement suit at trial. Because the jury was aware of this prior suit, the district court acted within its discretion when it

allowed defense counsel to ask clarifying questions and refer to the parties' prior disputes in closing. See Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1012 (9th Cir. 1999). Defense counsel also improperly referred to prior litigation between the parties in his opening statement, but these and other such references had no effect on the outcome of the trial. See McEuin v. Crown Equip. Corp., 328 F.3d 1028, 1032 (9th Cir. 2003) (as amended).

3. As the district court recognized, considerable testimony revealed that any similarities between the parties' plans resulted from the fact that both RKAA and Bosley worked from Bashas' source material. Thus, even if the district court erred by admitting Defendants' Exhibit C, the limited references to that exhibit during trial didn't prejudice RKAA. See Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 464 (9th Cir. 2014) (en banc); Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002).

4. RKAA's motion to supplement the record with full-sized exhibits is **DENIED**.

**AFFIRMED**.